## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY LEONARD, | ) | 3:18-CV-0404-MMD-CLB |
| Plaintiff, | ) | **MINUTE ORDER** |
| vs. | ) | January 16, 2020 |
| GENE YUP, | ) | |
| Defendant. | ) | |

PRESENT: <u>THE HONORABLE CARLA BALDWIN</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>     LISA MANN     </u>   REPORTER: <u>NONE APPEARING   </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING                    </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING                    </u>

**MINUTE ORDER IN CHAMBERS:**

This is a civil rights action brought by *pro se* prisoner plaintiff Gregory Leonard. Plaintiff has moved for appointment of counsel (ECF No. 16). Defendant opposed the motion (ECF No. 17), and no reply was filed.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court.

The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (ECF No. 22) is **DENIED**. Defendant Yup[1] filed an answer on December 30, 2019 (ECF No. 18) which was timely pursuant to the court's order (ECF No. 14).

**IT IS FURTHER ORDERED** that plaintiff's objection to defendant's answer (ECF No. 19) is hereby **STRICKEN**. FRCP 7(a) does not allow additional pleadings to be filed absent a court order. There is no court order allowing the plaintiff to file such an objection or response to defendant's answer to civil rights complaint.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk

---

[1] Plaintiff incorrectly identifies this defendant as Gene Yub. The correct spelling of defendant's name is Gene Yup.