UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY N. LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN NEVADA CORRECTIONAL CENTER DENTAL DEPARTMENT, et al.,<br><br>Defendants. | Case No. 3:18-CV-00404-MMD-CLB<br><br>**ORDER** |

Plaintiff Gregory Leonard ("Leonard") is an inmate in the custody of the Nevada Department of Corrections ("NDOC").  On August 23, 2018, Leonard filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while Leonard was incarcerated at the Northern Nevada Correctional Center ("NNCC").  On July 8, 2019, Leonard filed an amended civil rights complaint, which is the operative complaint in this case. (ECF No. 6.)  On July 17, 2019, the District Court screened Leonard's amended complaint, (ECF No. 7), and allowed Leonard to proceed on a single claim of deliberate indifference to serious medical needs related to dental care against a single defendant, Dr. Gene Yup.[1]  (*See id.* at 10.)  Defendant answered the amended complaint on May 28, 2020. (ECF No. 34.)  A scheduling order was issued on June 2, 2020, which set the close of discovery on August 31, 2020. The scheduling order set the dispositive motion deadline on September 30, 2020—30-days after the close of discovery. (ECF No. 35).  On September 29, 2020—one day before the dispositive motion deadline—Defendant filed a motion to extend time to file dispositive motions. (ECF No. 43.)

///

---

[1] Defendant Yup is now deceased and his estate has since been substituted in as defendant. (*See* ECF Nos. 24, 31.)

I.  **DISCUSSION**

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

Moreover, pursuant to Local Rule 26-3, any motion that requests an extension of any date set by a scheduling order must be received by the court no later than 21-days before the expiration of the subject deadline. Any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

Here, Defendant requests a 96-day extension to file dispositive motions in this case. (ECF No. 43.) This request, which seeks to extend the date for the filing of dispositive motions as set by the scheduling order, was received only one day prior to date that dispositive motions were due. Therefore, this motion may only be granted if the court finds: (1) good cause to grant the extension; and, (2) excusable neglect for the

failure to request the extension sooner. However, Defendant has failed to establish either and the request for an extension must be denied.

Defendant argues that a 96-day extension of time to file dispositive motions in this case should be granted because: (1) the "stay at home" directive issued on April 1, 2020 due to the COVID pandemic; and (2) the assertion that the "already limited staff at the Office of the Attorney General is rendered less efficient due to constraints imposed by reduced office hours and document access." (ECF No. 43.) These arguments lack merit.

First, the "stay at home" directive was issued over 180 days ago. The Court, the AG's Office, other government agencies, and private attorneys have been working under the current COVID restrictions for months now. There has been more than sufficient time to adjust to the work from home orders and this reason alone is not a sufficient basis for extensions of time. Moreover, the scheduling order in this case was issued on June 2, 2020–two months *after* the "stay at home" directive was put in place. (ECF No. 35.) In spite of Defendant having had ample opportunity to request an extension or modification of the scheduling order, at no time did Defendant request any such relief until one-day before the dispositive motion deadline was set to expire.

Moreover, Defendant presents no evidence to the court related to the alleged heavy caseload or other staffing limitations claimed to be present at the AG's Office. For example, there is no evidence the AG's Office has a limited number of attorneys assigned to prisoner civil rights cases nor is any evidence presented of a substantial increase in the case loads assigned to these attorneys such that individual Deputy Attorney General ("DAG") assigned to this case cannot otherwise keep up with the demands of her case load. Further, the DAG assigned to this case has provided no evidence that she has any other specific, pressing deadlines in other matters that would otherwise explain her failure to comply with the dispositive motion deadline in this case.

There is also no evidence that this case involves any significant or complicated legal or factual issues that would necessitate an extension of time to draft and file a

dispositive motion. To the contrary, this case is particularly straight-forward in comparison to many civil rights cases filed in federal court. This case involves a single claim alleging deliberate indifference to medical care in violation of the Eighth Amendment against a single defendant. These types of Eighth Amendment claims are routine in federal court and this case is particularly straight forward given the limited number of claims and defendants in this lawsuit.

Most troubling, is that this is not the first time that the DAG assigned to this case has sought an excessive and unjustified extension of time to file a dispositive motion on the eve of the deadline expiration. Previous orders of this court have expressly rejected the same, or similar arguments, presented in this case for similarly lengthy extension requests. *See Bennett v. Keast*, Case No. 3:19-cv-00013-MMD-WGC, ECF No. 18 (order ruling on nearly identical motion seeking an additional 120-day extension to file dispositive motions filed after the 21-day period expired); *Hughes v. Walsh*, Case No. 3:18-cv-00607-MMD-CLB, ECF No. 33 (same). And yet, the DAG has once again filed a motion for extension of time of a dispositive motion deadline under nearly identical circumstances as the previous cases and asserting the same or similar arguments that have previously been rejected by the Court. Given the lack of evidence to support the request for an extension, the excessive nature of the requested extension in comparison to the relatively straight-forward nature of this case, and the prior rejections of these same types of arguments in the past, there can be only one conclusion— the DAG's request in this case was not submitted in good faith and therefore good cause does not exist to grant the requested 96-day extension.

Finally, Defendant has also failed to show excusable neglect. As discussed above, general references to the burden presented by the COVID pandemic are insufficient. The "stay at home" order should not have prevented the DAG's ability to work remotely, and the DAG submits no declaration to support such an assertion. The DAG does not explain why this motion was not made 21 days prior to the expiration of the deadline, as required

by the Local Rules. *See* LR 26-3. The DAG has been counsel of record since March 25, 2020. Despite the pandemic, counsel was able to file an answer to the amended complaint on May 28, 2020 (ECF No. 34), and was counsel in the case when the deadlines in the Scheduling Order were imposed on June 2, 2020—nearly two months after the "stay at home" directive was put in place. (*See* ECF No. 35.) Thus, counsel has not demonstrated excusable neglect for the late-filed motion.

For all of these reasons, the court finds that Defendant has failed to establish good cause or excusable neglect as required to grant Defendant's request for a 96-day extension. However, to ensure Defendant is not prejudiced due to their counsel's dilatory conduct, the court will grant Defendant fourteen (14) days from the date of this order to file a dispositive motion.

The AG's Office and the DAG assigned this matter are cautioned that any future motions to continue deadlines set in the Scheduling Orders predicated on nothing more than the COVID pandemic will be summarily denied. There must be sufficient evidence to show that good cause, and where applicable excusable neglect, exists to grant extensions of time.

II.  **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's motion to extend time to file dispositive motions (ECF No. 43) is **DENIED**. Defendant shall have fourteen (14) days from the date of this order, or until **October 15, 2020,** to file a dispositive motion.

**DATED**: October 1, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**